IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NYLONDAJAZZ SHARNESE,               §
                                    §
              Plaintiff,            §
                                    §
V.                                  §        No. 3:25-cv-3503-B-BN
                                    §
LIBERTY MUTUAL PERSONAL             §
INSURANCE COMPANY,                  §
                                    §
                                    §
              Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from

Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 6.

Defendant Liberty Mutual Personal Insurance Company has filed a Motion to

Compel Appraisal and Abate Litigation Pending the Outcome of Appraisal. *See* Dkt.

No. 25.

And Plaintiff NylondaJazz Sharnese has filed a Motion for Leave to File

Limited Sur-Reply. *See* Dkt. No. 33.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny Sharnese's Motion for Leave [Dkt. No.

33] and grant in part and deny in part Liberty Mutual's Motion to Compel Appraisal

and Abate Litigation Pending the Outcome of Appraisal [Dkt. No. 25].

-1-

## Background

This case concerns a claim for insurance coverage. Sharnese had a homeowner's insurance policy from Liberty Mutual (the "Policy") on her residence. *See* Dkt. No. 1-3 at 83. Sharnese reported an alleged loss from a hailstorm that occurred on March 2, 2023. *See id.*

Sharnese alleges that Liberty Mutual "underpaid and denied portions of [her] claim, including newly installed back gates, fencing, retaining walls, chimney cap, solar screens and waters-stained living room ceilings." *Id.*

On May 27, 2025, Sharnese brought claims for breach of contract, breach of duty of good faith and fair dealing, breach of confidentiality and fiduciary duty, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Liberty Mutual in state court. *See id.* at 10-20. Sharnese twice amended her petition. *See id.* at 48, 82.

Liberty Mutual removed the case to this Court on December 22, 2025 on the basis of diversity jurisdiction. *See* Dkt. No. 1. And it filed its Second Amended Answer to Sharnese's Second Amended Petition. *See* Dkt. No. 45.

Sharnese moved to remand the case back to state court, *see* Dkt. No. 9, but the Court denied her motion, *see* Dkt. No. 31.

On February 12, 2026, the Court entered its Initial Scheduling Order, which sets Sharnese's expert designation deadline as June 24, 2026; Liberty Mutual's expert designation deadline as July 24, 2026; the fact discovery deadline as September 25, 2026; the mediation deadline as August 21, 2026; and the dispositive motion deadline

as October 27, 2026. *See* Dkt. No. 23.

Liberty Mutual invoked appraisal in accordance with the Policy on December 15, 2025. *See* Dkt. No. 26 at 1; Dkt. No. 27-1 at 1-2. Liberty Mutual contends that Sharnese refused its appraisal demand. *See* Dkt. No. 27 at 4. Liberty Mutual then filed its Motion to Compel Appraisal and Abate Litigation on February 24, 2026.

Sharnese responded in opposition to the motion, *see* Dkt. No. 29, and Liberty Mutual replied, *see* Dkt. No. 32.

Sharnese then moved for leave to file a sur-reply. *See* Dkt. No. 33. Briefing on Sharnese's motion is also complete. *See* Dkt. Nos. 35 & 37.

To date, the parties have not taken any depositions or filed any dispositive motions. *See* Dkt. No. 25 at 1. Sharnese has filed a motion to compel discovery, which remains pending. *See* Dkt. No. 34.

## Legal Standards and Analysis

### I.     Motion for Leave to File Sur-Reply

> "Neither the local rules of [this district] nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012); *see also* N.D. TEX. L. CIV. R. 7.1. Because the rules do not provide for surreplies as a matter of right, the district court only accepts such filings "in exceptional or extraordinary circumstances." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem.).

*Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021) (cleaned up).

"The restrictions against surreplies and against new arguments raised for the first time in a reply brief are imposed by the court and may not be waived by the

parties," and "[t]he court will not permit the parties to continue arguing the merits beyond the scope provided for in the local rules, absent exceptional circumstances, no matter how much they wish to do so." *Lacher*, 147 F. Supp. 2d at 540 n.2.

And, so, "[o]rdinarily, sur-replies are 'heavily disfavored,' and the decision to allow a sur-reply lies within the district court's discretion." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774) (5th Cir. 2024) (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

"But when a party raises new arguments or evidence for the first time, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Id.* (citations omitted).

Sharnese has not demonstrated exceptional circumstances that warrant the filing of a sur-reply in this action. Sharnese contends that she is entitled to file a sur-reply because Liberty Mutual's reply [Dkt. No. 32] "introduces a new argument that Plaintiff submitted a 'truncated' and 'unsworn' version of the policy. This argument was not raised in Defendant's original motion or briefing, and Plaintiff must respond to clarify the record and preserve factual accuracy." Dkt. No. 33 at 1.

The undersigned disagrees. Sharnese's response to the Motion to Compel Appraisal and Abate Litigation referenced a version of the policy that did not include an appraisal clause. *See* Dkt. No. 29 at 1-3; Dkt. No. 29-1. And Liberty Mutual's reply addressed that version of the policy. *See* Dkt. No. 32 at 1-2. And, so, the reply does not raise any arguments for the first time. Rather, it addresses an argument that Sharnese raised in her response.

And, so, the Court should deny Sharnese's motion for leave to file a sur-reply [Dkt. No. 33]. And it should consider only the Motion to Compel Appraisal and Abate Litigation, its accompanying brief and appendix, Sharnese's response, and Liberty Mutual's reply. *See* Dkt. Nos. 25-27, 29, & 32.

## II.   <u>Motion to Compel Appraisal and Abate Litigation</u>

When a case is removed on diversity grounds, "the Court applies Texas substantive law." *Elevia, Inc. v. Amguard Ins. Co.*, No. CV H-19-4028, 2020 WL 6192008, at *1 (S.D. Tex. May 21, 2020).

"Under Texas law, enforcement of appraisal clauses is favored. Such clauses are ubiquitous in Texas insurance contracts, and they have often helped policyholders and insurers to resolve disputes without resorting to litigation." *Meadows v. Allied Prep. & Cas. Ins. Co.*, No. 1:19-cv-2-H, 2020 WL 6122543, at *1 (N.D. Tex. Jan. 7, 2020) (cleaned up); *accord In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) ("These clauses are generally enforceable, absent illegality or waiver. … Appraisals can provide a less expensive, more efficient alternative to litigation, and [the Texas Supreme Court] recently held that they 'should generally go forward without preemptive intervention by the courts.'" (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009))).

"[I]f an appraisal clause is properly invoked and one party to the contract refuses to participate in the appraisal process, a court lacks discretion not to issue an order compelling that party to participate." *Woodward v. Liberty Mut. Ins. Co.*, No.

3:09-cv-228-G, 2010 WL 1188323, at *3 (N.D. Tex. Mar. 26, 2010).

If the Court determines appraisal is appropriate, a party can still waive appraisal. *See Hart Chestnutt, LLC v. Covington Specialty Ins. Co.*, 622 F. Supp. 3d 306, 313 (N.D. Tex. 2022).

"To establish waiver of the right to appraisal, a party must demonstrate that: (1) the parties have reached an impasse; (2) after reaching an impasse, one party did not invoke appraisal within a reasonable time; and (3) the other party will suffer prejudice as a result of the delay." *Id.*

"The key to the waiver inquiry is '[t]he question of intent to waive the right.'" *Woodward*, 2010 WL 1186323, at *4 (citing *In re Acadia Ins. Co.*, 279 S.W.3d 777, 779 (Tex. App. – Amarillo 2007, no pet.). "To constitute waiver the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss." *In re Universal*, 345 S.W.3d at 407.

Liberty Mutual brings this Motion to Compel Appraisal and Abate Litigation under the Policy that it issued, which states:

**E. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the

amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

  **1.** Pay its own appraiser; and

  **2.** Bear the other expenses of the appraisal and umpire equally.

Dkt. No. 27-1 at 50.

Sharnese contends that the appraisal clause should not be enforced because (1) the appraisal language is not part of the governing insurance policy; (2) the loss has already been evaluated, making appraisal unnecessary; (3) Sharnese is still willing to mediate and negotiate; (4) discovery has already occurred; and (5) the claims extend beyond valuation. *See* Dkt. No. 29.

The undersigned addresses each of these arguments in turn.

### A. Applicability and Necessity of Appraisal

Sharnese contends that the appraisal clause is not enforceable because it is not part of the governing Policy. *See* Dkt. No. 29 at 2. She argues that the 27-page policy document that she received via email did not contain appraisal language, unlike the longer version she received in the mail. *Id.* at 3. And, so, she argues that there is a dispute over whether the shorter emailed version or the longer mailed version of the Policy governs the parties' relationship. *See id.*

Liberty Mutual disputes this argument and contends that it provided Sharnese "with a certified, sworn, and complete copy of the applicable Policy, which contained

the foregoing appraisal clause." Dkt. No. 32 at 2.

Sharnese notes that she received the 27-page document without appraisal language via email on February 4, 2026 and March 7, 2026 – almost one year after Sharnese filed her Original Petition and three years after the date of loss at issue in this lawsuit. *See* Dkt. No. 29 at 2-3. Liberty Mutual confirmed that these documents were emailed to Sharnese as part of its initial disclosures. *See* Dkt. No. 32 at 1-2.

The documents attached to Sharnese's response appear to be a "home renewal packet," containing only "policy declarations," "coverage information," and "any notices and policy forms that may change [the] coverage." Dkt. No. 29-1 at 2 (caps omitted). The documents do not purport to be the Policy itself, nor a replacement of the Policy. And Liberty Mutual attached a sworn and complete copy of the Policy to its motion. *See* Dkt. No. 27-1.

The undersigned is not persuaded that the home renewal packet provided by Sharnese is an operative version of the Policy that may trump the version provided by Liberty Mutual.

And, so, the undersigned finds that the appraisal language is part of the Policy and is applicable in this case.

Sharnese also argues that appraisal is unnecessary because she "already obtained contractor estimates for repairs to the roof, fence, and related items," and Liberty Mutual "already possesses these estimates." Dkt. No. 29 at 4. She also contends that Liberty Mutual's adjusters already evaluated the loss. *See id.*

But this is not appraisal. The Policy contemplates a methodology wherein two

-8-

appraisers separately determine an amount of loss and, if they cannot agree, submit their differences to an umpire. *See* Dkt. No. 27-1 at 4. That Sharnese's contractor has made its own estimate does not eliminate Liberty Mutual's need – let alone its contractual right – to receive a loss estimate from an appraiser of its choice, compare that estimate to one made by an appraiser of Sharnese's choice, and find a common estimate via an umpire in accordance with the terms of the appraisal clause.

And, so, the Court should reject these arguments.

## B. Waiver of Appraisal

To establish waiver of appraisal, the parties must (1) have reached an impasse; (2) show there was unreasonable delay between the impasse and the request for appraisal; and (3) show the delay was prejudicial. *See Gonzalez v. Allstate Tex. Lloyds*, No. 7:19-cv-137, 2020 WL 520769, at *4 (S.D. Tex. Jan. 31, 2020).

Sharnese appears to argue that Liberty Mutual has waived appraisal because discovery has commenced and, so, "the case is not dormant or in its early procedural posture." Dkt. No. 29 at 5.

She also argues that appraisal is not appropriate because she "has repeatedly offered to mediate and remains willing to negotiate resolution." *Id.* at 7.

Liberty Mutual contends that, because the parties are receptive to negotiations, they have not reached an impasse. *See* Dkt. No. 32 at 3.

The undersigned agrees with Liberty Mutual. Both parties, in their briefing, have claimed that they remain willing to continue negotiations. The parties also filed

their Federal Rule of Civil Procedure 26(f) report on February 11, 2026 and jointly agreed to participate in mediation. *See* Dkt. No. 20 at 5.

Because the parties have shown willingness to work towards a resolution, there has not been an "apparent breakdown of good-faith negotiations." *See In re Universal*, 345 S.W.3d at 409. And, so, it cannot be said that the parties have reached the point where "further negotiations would be futile." *Id.*

Insofar as Sharnese contends that Liberty Mutual has waived its right to appraisal, the absence of an impasse alone would defeat her assertion of waiver.

But, even assuming the parties reached an impasse, Sharnese failed to demonstrate that she suffered prejudice from an unreasonable delay in Liberty Mutual's appraisal demand, and, "if delay is unreasonable, the party must show it has been prejudiced by the delay." *See Gonzalez*, 2020 WL 520769, at \*4.

Sharnese suggests that she has been prejudiced because discovery has occurred. *See* Dkt. No. 29 at 5. She notes that the parties exchanged initial disclosures in October 2025; she served discovery requests to Liberty Mutual on September 16, 2025; and Liberty Mutual responded to the discovery requests on November 5, 2026. *See id.*

But the undersigned disagrees that litigation has progressed far enough to suggest an unreasonable delay or prejudice. The parties have not taken oral depositions, and the discovery deadline is still several months away. *See McCrackin v. Meridian Security Ins. Co.*, 4:22-cv-2430, 2023 WL 4139024, at \*1, \*4 (S.D. Tex. June 22, 2023) (finding no waiver when appraisal was invoked after noticing, but

before taking, depositions); *cf. Chik-Kin v. Axis Surplus Ins. Co.*, No. 3:13-cv-2804-N, 2015 WL 3466723, at *3 (N.D. Tex. Jan. 21, 2015) (finding intent to waive appraisal rights where, at the time appraisal was invoked, discovery had been completed, 19 depositions had been taken, and trial was one month away).

In any case, Sharnese does not contend that she has incurred expense in conducting discovery or that any expenses could have likely been avoided had appraisal been invoked earlier. *Cf. Meadows*, 2020 WL 6122543, at *2 (finding significant expense in designating experts and participating in litigation showed prejudice).

And, while Liberty Mutual could have invoked appraisal as soon as it knew the loss was disputed, Liberty Mutual is not required to invoke appraisal until there is an impasse. *See In re Universal*, 345 S.W.3d at 408 ("An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal.").

It is also inappropriate to attribute prejudice to litigation or appraisal expenses in this case where Sharnese could have invoked appraisal herself. *See* Dkt. No. 27-1 at 4. While it is not an automatic rule, "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *In re Universal*, 345 S.W.3d at 412.

Because Sharnese could have demanded appraisal at any earlier time, the

undersigned does not find prejudice.

As explained above, no impasse has occurred. And, if there was an impasse, Sharnese has not been prejudiced.

The elements for waiver are not met, and, so, the Court should compel appraisal.

### C. Abatement

Liberty Mutual contends that abatement is appropriate because it will "narrow the scope of discovery or determine the amount of loss, if any, for the Claim without the need for additional discovery." Dkt. No. 26 at 9.

Sharnese contends that abatement is not appropriate because several of her "claims fall outside the scope of appraisal and require judicial determination" and, so, "appraisal would not materially advance resolution of the case and is not an appropriate basis for abatement." Dkt. No. 29 at 6.

The Texas Supreme Court has explained that, where appraisal is formally demanded after litigation is initiated, "the proceedings need not be abated while the appraisal goes forward." *Devonshire Real Est. & Asset Mgmt., LP v. Am. Ins. Co.*, 2013 WL 12124308, at *5 (N.D. Tex. Mar. 26, 2013) (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)). And, so, "courts retain discretion to abate proceedings pending appraisal." *See Hart Chestnutt*, 622 F. Supp. 3d at 316.

Texas courts have refused to order abatement when there are issues other than the amount of loss in dispute, such as coverage, and appraisal will not resolve the remaining claims. *See, e.g.*, *Devonshire*, 2013 WL 12124308, at *5 (declining to abate

case pending appraisal because an appraisal would not address all the claims in the case, such as claims under Chapter 542 of the Texas Insurance Code or extra contractual and bad faith damages under Chapter 541 of the Texas Insurance Code); *Martinez v. Nationwide Gen. Ins. Co.*, No. 3:19-cv-1541-X, 2020 WL 360639, at *4 (N.D. Tex. July 2, 2020) (declining to abate during appraisal when plaintiff brought extracontractual claims including negligence, breach of good faith and fair dealing, deceptive trade practices, and violations of the Texas Insurance Code); *Abbey on Preston H.O.A. v. Admiral Ins. Co.*, No. 3:13-cv-102-N, 2013 WL 12143827 (N.D. Tex. May 30, 2013) (finding, when both liability and damages were in dispute, that abatement was not appropriate).

Here, Sharnese brings claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty and confidentiality, and violations of the DTPA. *See* Dkt. No. 1-3 at 85. She alleges that Liberty Mutual "disclosed private claim information" and "engaged in false, misleading, and deceptive acts." *Id.*

And, so, the amount of actual damages is one of several issues in dispute between the parties.

Because Sharnese brings extracontractual claims that will not be resolved by appraisal, the Court should not abate the case during appraisal.

### Recommendation

The Court should deny Plaintiff NylondaJazz Sharnese's Motion for Leave to File Limited Sur-Reply [Dkt. No. 33]; grant in part and deny in part Defendant

Liberty Mutual Personal Insurance Company's Motion to Compel Appraisal and Abate Litigation Pending the Outcome of Appraisal [Dkt. No. 25]; and compel appraisal but decline to abate the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: June 10, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-14-