IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYLONDAJAZZ SHARNESE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3503-B-BN |
| | § | |
| LIBERY MUTUAL PERSONAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 6.

The Court ordered appraisal pursuant to the insurance policy issued to Plaintiff NylondaJazz Sharnese by Defendant Liberty Mutual Personal Insurance Company. *See* Dkt. No. 53. But the Court declined at that time to abate litigation pending the outcome of the appraisal. *Id.*

On August 10, 2026, Sharnese filed a motion for the Court to appoint a mediator, *see* Dkt. No. 54, and a motion for relief from appraisal costs, *see* Dkt. No. 55. The case is scheduled for a settlement conference in front of United States Magistrate Judge Hal Ray on November 4, 2026. *See* Dkt. No. 67. The Court ordered briefing on the motion for relief from appraisal costs [Dkt. No. 55], which is not yet

complete. *See* Dkt. Nos. 65, 72-74.

Liberty Mutual has filed a Motion to Abate the Remaining Scheduling Order Deadline, or in the Alternative, Modify the Scheduling Order. *See* Dkt. No. 63. Sharnese responded, *see* Dkt. No. 64, and Liberty Mutual replied, *see* Dkt. No. 66.

**Legal Standards**

"The Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)); *cf. Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order …." (citation omitted)).

The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up, quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *see Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)); *cf., e.g., Puid v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o

determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising the authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the "four relevant factors" are "'(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Squyres*, 782 F.3d at 237 (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); brackets omitted).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

**Analysis**

In its Initial Scheduling Order, the Court set the following deadlines:

- Sharnese must designate expert witnesses by June 24, 2026;

- Liberty Mutual must designate expert witnesses by July 24, 2026;
- Discovery must be completed by September 25, 2026;
- Mediation must be completed by August 21, 2026; and
- Dispositive motions must be filed by October 27, 2026.

*See* Dkt. No. 23.

The Court reset the parties' mediation deadline to October 13, 2026, but kept all other pretrial deadlines as initially scheduled. *See* Dkt. No. 58. The Court referred the case to United States Magistrate Judge Hal Ray for a settlement conference, which is scheduled for November 4, 2026. *See* Dkt. Nos. 67.

Liberty Mutual seeks to abate the remaining scheduling order deadlines or, in the alternative, extend all remaining scheduling order deadlines by six months. *See* Dkt. No. 3 at 1.

Liberty Mutual contends that it cannot meet the deadlines in the scheduling order because the start of the appraisal process has been significantly delayed by Sharnese's delay in selecting an appraiser and her subsequent motions related to the appraisal. *See* Dkt. No. 63 at 3. Liberty Mutual argues that, without abatement or extension of the scheduling order deadlines, there is not sufficient time for the appraisal process to occur or for "the Parties[] to adequately develop their claims and defenses, and file dispositive motions." *Id.* at 4.

Liberty Mutual also argues that appraisal will likely resolve the amount of property loss at issue in this case, thus narrowing the issues, so abatement or extension "will ensure the Parties effectively and efficiently litigate any remaining

claims following the outcome of the appraisal." *Id.* at 4; *see also* Dkt. No. 66 at 2.

Sharnese opposes abatement or extension of the scheduling order deadlines. *See* Dkt. No. 64. She argues against the characterization of her role in the appraisal process, claiming that she has not refused to participate in appraisal, but instead she cannot afford the appraisal expense and that she otherwise has sought to move the case forward. *See* Dkt. No. 64 at 2-3. Sharnese also argues that Liberty Mutual's estimate for the appraisal timeline is speculative, that her claims include matters that appraisal would not resolve, and that she would suffer prejudice from abatement or extension. *Id.* at 3-5.

The undersigned's prior recommendation, accepted by the Court [Dkt. No. 53] explained that "Texas courts have refused to order abatement when there are issues other than the amount of loss in dispute, such as coverage, and appraisal will not resolve the remaining claims," Dkt. No. 47 at 12, and recommended that the Court decline to abate the case during appraisal because Sharnese's extracontractual claims (claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty and confidentiality, and violations of the DTPA) will not be resolved by appraisal, *see* Dkt. No. 47 at 13.

The Court acknowledges that the appraisal process will not start until the parties complete briefing on Sharnese's motion for relief from appraisal costs (due October 22, 2026, *see* Dkt. No. 65) and the Court resolves the pending motion, and that appraisal will likely solve a central issue in this litigation.

But Sharnese's extracontractual claims remain, and Liberty Mutual does not explain why this Court should order abatement on the litigation of those claims due to a delay in the appraisal process. And the Court declines to do so.

And, as explained above, the Court will not grant Liberty Mutual's request for a six-month extension of the scheduling order deadlines unless Liberty Mutual shows good cause to do so under Rule 16(b)(4)'s four factors.

First, Liberty Mutual blames Sharnese for its inability to meet the current deadlines. Liberty Mutual argues that Sharnese's motion practice and "refusal or inability to participate in appraisal" has impacted the scheduling order deadlines. Dkt. No. 63 at 3. Liberty Mutual claims it needs an extension "out of an abundance of caution to preserve the Parties' ability to participate in appraisal and ensure there is sufficient time following appraisal for the Parties to development their remaining claims and defenses." *See* Dkt. No. 63 at 3. But the Court does not understand why Liberty Mutual cannot participate in appraisal while litigating the other issues in the case.

And so, on the record before it, the Court is not persuaded that Liberty Mutual has been diligent in attempting to meet the existing scheduling deadlines. The first factor weighs against modifying the scheduling order.

Second, Liberty Mutual contends that the amount of property loss is a central issue in this litigation. *See* Dkt. No. 63 at 4. The Court does not disagree. And, so, the second factor weighs in favor of modifying the scheduling order.

As to the third and fourth factors, Liberty Mutual seems to argue that

Sharnese will not be prejudiced by the Court granting the modification because dispositive motions after appraisal could narrow the issues and actually benefit Sharnese "as she will have additional time to litigate her remaining claims." Dkt. No. 63 at 4.

Liberty Mutual argues that it will be prejudiced if unable to develop its defenses after appraisal but that modifying the scheduling order will avoid this prejudice. *See id.* at 4. Sharnese disagrees that a delay in litigation does not prejudice her. *See* Dkt. No. 64 at 7.

The Court finds that, at this point in the litigation and on the record before it now, extending all the deadlines in the scheduling order by six months would prejudice Sharnese. *Accord Poole v. Walmart*, No. 3:22-cv-726-D, 2023 WL 4207467, at *4 (N.D. Tex. June 27, 2023) (finding that the fourth factor "weighs against a finding of good cause to amend the scheduling order" where "a continuance would needlessly delay resolving the case"). And, so, the third and fourth factors weigh against modifying the scheduling order.

Considering the four Rule 16(b)(4) factors holistically, the Court finds Liberty Mutual's explanation for the requested modification inadequate, the amount of property loss important to the claims, and potential prejudice to Sharnese in allowing the modification, which is caused – not cured – by a continuance.

**Conclusion**

For the reasons set about above, the Court DENIES Defendant Liberty Mutual

Personal Insurance Company's Motion to Abate or Amend the Scheduling Order [Dkt. No. 63].

SO ORDERED.

DATED: October 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE