IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYLONDAJAZZ SHARNESE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3503-B-BN |
| | § | |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM APPRAISAL COSTS**

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 6.

Plaintiff NylondaJazz Sharnese had a homeowner's insurance policy from Defendant Liberty Mutual Personal Insurance Company on her residence, reported an alleged loss from a hailstorm, and brought claims against Liberty Mutual for allegedly underpaying and denying portions of her claim. *See* Dkt. No. 1-3 at 83.

On motion by Liberty Mutual, the Court compelled appraisal of the loss. *See* Dkt No. 53. Sharnese filed a Motion for Relief from Appraisal Costs. *See* Dkt. No. 55. Because Sharnese's motion lacked a certificate of conference, the Court ordered the parties to confer and file a joint status report informing the Court of the results of their conference. *See* Dkt. No. 56. The parties filed separate status reports in which Liberty Mutual informed the Court that it opposes Sharnese's Motion because she is

required to cover the costs of appraisal pursuant to the homeowner's insurance policy. *See* Dkt. No. 61 at 3. In her status report, Sharnese maintained her position that "the policy provision relied upon by [Liberty Mutual] is 'not' the applicable provision governing [her] requested relief." Dkt. No. 62 at 6.

On September 17, 2026, the Court ordered briefing on the motion [Dkt. No. 65], and briefing is complete. *See* Dkt. Nos. 72 & 76.

Sharnese entered into an insurance agreement ("the Policy") with Liberty Mutual which provides that if the parties "fail to agree on the amount of loss, either may demand an appraisal of the loss." Dkt. No. 74-1 at 48. And the Policy establishes that when a party demands appraisal, "[e]ach party will: (1) Pay its own appraiser; and (2) Bear the other expenses of the appraisal and umpire equally." *Id.*

Sharnese does not dispute that she entered into the Policy, but requests relief from appraisal costs because "she cannot afford to retain and pay a private insurance appraiser." Dkt. No. 55 at 2. In her Reply, Sharnese rephrases her relief requested as asking "the Court to consider her demonstrated inability to pay and determine whether any legally authorized alternative is available." Dkt. No. 76 at 2.

Liberty Mutual counters that regardless of Plaintiff's financial condition, relief from appraisal costs should be denied because "Texas law is clear that courts cannot simply ignore a contract's specific language or re-write a contract because it or one of the parties comes to dislike it." Dkt. No. 73 at 1.

Appraisal clauses are common in insurance policies and "bind[] the parties to have the extent or amount of the loss determined in a particular way." *State Farm*

*Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). And "[l]ike any other contractual provision, appraisal clauses should be enforced." *Id.* A person who agrees to an appraisal clause has "an obligation to protect themselves by reading what they sign." *Amarillo Ind. School Dist. v. Travelers Lloyds Ins. Co.*, No. 2:15-CV-155, 2016 WL 9526684, at *2 (N.D. Tex. Nov. 23, 2016) (quoting *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 811 (Tex. 2012)). The court's role is "not to redistribute these risks and benefits but to enforce the allocation that the parties previously agreed upon" because Texas law has a "strong public policy in favor of preserving the freedom of contract." *Id.*

And courts have found that a party's inability to afford an appraiser does not present grounds to nullify the appraisal clause. *See Alfiero v. MetLife Auto & Home Ins. Agency*, No. 2:16-CV-513-DBH, 2017 WL 2804902, at *3 (D. Me. June 28, 2017) (court enforced cost-sharing provision on party that could not afford an appraiser and earned most of her income from Social Security benefits, finding that "[n]othing in the statute, the policy or the caselaw suggests that inability to pay is an excuse."); *see also Progressive Am. Ins. Co. v. Hillsborough Ins. Recovery Ctr.*, 349 So.3d 965, 973 (Fla. Dist. Ct. App. 2022) (holding that "the prohibitive cost doctrine and any other judicially created doctrine that deem sharing the costs of contractually mandated appraisals to be economically unreasonable do not apply to relieve an insured . . . from liability for their share of the cost of appraisal.").

This Court adopts the same reasoning here and DENIES Plaintiff's Motion for Relief from Appraisal Costs [Dkt. No. 55].

SO ORDERED.

DATE: October 20, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE